[Civil No. 2198. Filed February 2, 1925.]

[232 Pac. 1014.]

GEORGE H. N. LUHRS, Appellant, v. VALLEY RANCH COMPANY, INC., a Corporation, Appellee.

1. WAREHOUSEMEN—STATUTE PROTECTING WAREHOUSEMEN FROM DELIVERY OF GOODS WITHOUT SURRENDER OF RECEIPT APPLICABLE TO REPLEVIN ACTION ONLY WHERE OWNER OR PERSON BY WHOSE ACT HE IS BOUND DELIVERED GOODS TO WAREHOUSEMAN. — Uniform Warehouse Receipts Act, section 25, providing that goods in possession of warehouseman for which warehouseman has issued receipt shall not be attached, unless receipt be first surrendered to warehouseman, and that warehouseman shall not be compelled to deliver goods until receipt is surrendered or impounded by court, *held* applicable to owner's action of replevin against warehouseman, but only when goods have been delivered to warehouseman in first instance by owner or person by whose act owner is bound.

2. WAREHOUSEMEN—RULE AS TO BURDEN OF PROOF IN REPLEVIN BY OWNER AGAINST WAREHOUSEMAN WITHOUT SURRENDER OF RECEIPTS STATED.—In replevin by owner against warehouseman, defended on ground that receipts issued by warehouseman for goods have not been surrendered as required by Uniform Warehouse Receipts Act, section 25, plaintiff, to make *prima facie* case, must show that he was owner at time of delivery and that he did not cause them to be delivered, in which case warehouseman must prove that goods were delivered to him by a person whose act in conveying title to them to a purchaser in good faith, for value, would bind owner.

3. APPEAL AND ERROR — PRINCIPAL AND AGENT — OWNER HELD PRECLUDED FROM DENYING SELLER'S AUTHORITY TO SELL COTTON, AND

HENCE FAILURE TO REQUIRE WAREHOUSE RECEIPT IMPOUNDED HELD IMMATERIAL.—Owner who permitted other person to have practically entire charge of ranch for three years and to sell most of the product *held* precluded from denying other person's authority to sell cotton under Civil Code of 1913, paragraph 5174, in replevin against warehouseman to whom buyer had delivered cotton so that failure to have receipt impounded by court was immaterial, since buyer was entitled to it.

---

See (1) 40 **Cyc.**, p. 465 (1926 Anno.).    (2) 40 **Cyc.**, p. 474 (1926 Anno.).    (3) 2 **C. J.**, p. 594; 40 **Cyc.**, p. 464 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the County of Maricopa. M. T. Phelps, Judge. Affirmed.

Messrs. Armstrong, Lewis & Kramer, for Appellant.

Mr. C. M. Gandy, for Appellee.

LOCKWOOD, J.—This is an action in replevin instituted by plaintiff, George H. N. Luhrs, to recover possession of four bales of cotton from defendant, Valley Ranch Company.

Defendant answered, setting up that it was a public warehouseman, and as such received the cotton replevied, for which it issued to one James V. Harrison its negotiable warehouse receipts, and that by virtue of the Uniform Warehouse Receipts Act it could not be compelled to surrender the seized property until the receipts were either surrendered, or impounded by the court, and further asked that Harrison be enjoined from negotiating the receipts, and that they be impounded.

Harrison intervened, setting up ownership of the cotton by reason of purchase from one Franklin, and that he had delivered it to defendant for ginning and storage, and held defendant's negotiable warehouse receipts therefor. The cotton was agreed to be of the value of $700.

The case was tried to the court without a jury, and resulted in judgment for the defendant. The judgment presented by the defendant to the court, and, although objected to by plaintiff, signed by it, failed, however, to enjoin Harrison from disposing of the warehouse receipts, and, although they were introduced in evidence, they were released to Harrison.

The intervener, Harrison, was apparently satisfied with the judgment, as he did not appeal therefrom, and the issue is between plaintiff and defendant below.

The whole case turns on the construction of section 25 of the Uniform Warehouse Receipts Act (Sess. Laws 1921, c. 47), which reads as follows:

"Section 25. (*Attachment or Levy upon Goods for Which Negotiable Receipt has been Issued.*) If goods are delivered to a warehouseman by the owner or by a person whose act in conveying the title to them to a purchaser in good faith for value would bind the owner, and a negotiable receipt is issued for them, they cannot thereafter, while in the possession of the warehouseman, be attached by garnishment or otherwise or be levied upon under an execution, unless the receipt be first surrendered to the warehouseman, or its negotiation enjoined.. The warehouseman shall, in no case, be compelled to deliver up the actual possession of the goods until the receipt is surrendered to him or impounded by the court."

—and on the sufficiency of the evidence to sustain the judgment.

Plaintiff makes the following contentions in support of his appeal: First, section 25, *supra,* does not cover an action of replevin by the real owner of the goods; second, the evidence conclusively shows plaintiff was the real owner; third, if it be held that section 25 does cover the action of replevin, it only protects the warehouseman when goods are delivered

by "the owner or by a person whose act in convey-
ing the title to them to a purchaser in good faith,
would bind the owner"; fourth, the evidence con-
clusively shows the goods were not delivered to the
warehouseman by a person within said section 25;
fifth, the defendant, by failing to have the receipts
impounded, is estopped from claiming the benefit of
the last sentence of the section.

It is conceded in effect by defendant that the cot-
ton belonged to plaintiff at the time of its alleged
sale by Franklin, so we need not discuss that ques-
tion, nor the effect of the so-called "Cropper's Con-
tract" offered in evidence.

Does section 25 of the Uniform Warehouse Re-
ceipts Act include the action of replevin? We are
of the opinion that it does. The whole purpose of
the section is to protect the warehouseman who
comes into the possession of the property as set
forth in the section and issues a negotiable receipt
therefor from being liable to two parties. To al-
low the owner to do by replevin what could not
be done by attachment or execution would defeat
its whole purpose. *Kershaw* v. *Booth Fisheries Co.,*
177 Ill. App. 117.

But this protection only applies to the warehouse-
man when he brings himself within the first part
of the section, viz., when the goods are delivered
"by the owner or by a person whose act in convey-
ing the title to them to a purchaser in good faith,
would bind the owner."

In an action of this nature plaintiff, to make a
*prima facie* case, must show himself to be the owner
of the goods at the time of the delivery and that
he did not cause them to be delivered. The ware-
houseman, in such case, must then show, in order
to prevail, that he comes within the other condi-
tion; that the goods were delivered to him by "a
person whose act in conveying the title to them to

a purchaser in good faith, for value, would bind the owner.''

It is admitted in effect that, at the time of the alleged sale by Franklin to Harrison, Luhrs was the true owner of the cotton, and, of course, he did not deliver it to defendant. But under all the evidence was Franklin ''a person whose act . . . would bind the „owner''? That Harrison was ''a purchaser in good faith for value'' cannot be doubted.

Paragraph 5174, Revised Statutes of Arizona of 1913 (Civ. Code), deals with the transfer of title to personal property so far as pertinent to this case. It reads as follows:

''Subject to the provisions of this title where goods are sold by a person, who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell.''

Had Luhrs by his conduct precluded himself from denying Franklin's authority to sell? The evidence of Luhrs himself shows that for three years Franklin had practically entire charge of the ranch, including selling most of the products thereof; plaintiff being apparently interested only in getting the proceeds of the sales. He evidently had entire confidence in Franklin and even the pickers' receipts were in the name ''Franklin and Luhrs'' under plaintiff's express instructions.

Harrison testified he had known Franklin was running the ranch and selling the products for three or four years, and supposed he had a right to do so, or he would not have bought the cotton. There is no evidence anyone knew of the precise nature of the relations between Luhrs and Franklin except themselves.

To hold that on such evidence as this the law conclusively presumes the outside world had notice that Franklin was merely a hired man, and not an ordinary tenant with the rights of such, would be imposing an almost intolerable burden on all purchasers of farm products.

We cannot say that on this evidence the trial court was not justified in finding that Harrison took a good title from Franklin under paragraph 5174, *supra*.

If such be the case, the defendant was clearly within section 25, *supra,* and the judgment of the court was correct.

We do not see where defendant's failure to impound the receipts makes any difference. The judgment of the court was that Harrison was the owner of the cotton, and, if so, he was certainly entitled to the receipts, and the warehouseman had no reason for asking that they be impounded, but quite the contrary.

Finding no prejudicial errors in the record, the judgment is affirmed.

McALISTER, C. J., and ROSS, J., concur.